UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CONNIE BROWN,** Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| *Plaintiff,* | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| PSCU, INC. | § § | **COLLECTIVE ACTION** |
| *Defendant.* | § § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Connie Brown ("Brown") brings this action individually and on behalf of all current and former non-exempt call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for PSCU, Inc. (hereinafter "Defendant" or "PSCU"), at any time from June 9, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938.

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those similarly situated

persons who have worked for PSCU in call centers throughout the United States at any time from June 9, 2017 through the final disposition of this matter, and have not been paid for all hours worked or the proper amount of overtime in violation of federal law.

3. Specifically, PSCU has enforced a uniform company-wide policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. PSCU's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. PSCU knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective

action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Brown ("Brown") was employed by PSCU in Michigan during the relevant time period. Plaintiff Brown did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former non-exempt call-center employees who were employed by PSCU anywhere in the United States at any time from June 9, 2017, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Brown worked and was paid.

12. Defendant PSCU, Inc. ("PSCU") is a Florida Corporation licensed to and doing business in the State of Michigan and may be served with process through its registered agent for service of process: **Corporate Creations Network, Inc., 28175 Haggerty Road, Novi, Michigan 48377**.

---

[1] The written consent of Connie Brown is hereby attached as Exhibit "A."

## II.
## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has personal jurisdiction over PSCU because the cause of action arose within this District as a result of PSCU's conduct within this District and Division.

15. Venue is proper in the Eastern District of Michigan because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Plaintiff Brown worked for PSCU in Allen Park, Michigan, which is in this District and Division.

17. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

18. PSCU, Inc. operates call centers throughout the United States providing customer support/engagement services to its business clients.[2]

19. Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by PSCU's customers, answering customer inquiries,

---

[2] https://www.pscu.com/about

troubleshooting on behalf of customers, and generally assisting customers.

20. Plaintiff Brown was employed by PSCU in customer service in Allen Park, Michigan from approximately May 2019 through September 2019.

21. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

22. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

23. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four (4) hours "off-the-clock" per week and have not been compensated for that time.

24. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for PSCU as a result of PSCU's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

25. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, open multiple different PSCU computer programs, log in to each PSCU program, and ensure that each PSCU program is running correctly—all of which can take up to twenty minutes—before they allowed to clock in on the time keeping software application and then take their first phone call.

26. If Plaintiffs and the Putative Class Members are not ready and on the phone at shift start, they can be subject to discipline.

27. If Plaintiffs and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

28. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

29. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

30. PSCU provides Plaintiff and the Putative Class Members with one unpaid lunch break per shift.

31. However, PSCU requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

32. Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch.

33. Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends.

34. The log off process used prior to going to lunch can take 1-3 minutes.

35. The log in process used after returning from lunch can take 1-3 minutes.

36. This lengthy log off and log in procedure had to be performed during

Plaintiff and the Putative Class Members' lunch break as, per PSCU policy.

37. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

38. Plaintiff and the Putative Class Members were also not compensated for the time they worked for PSCU rebooting PSCU's computers after they crashed.

39. In addition, PSCU also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

40. PSCU permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

41. As a result of PSCU's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

42. PSCU has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

43. PSCU is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

44. Because PSCU did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, PSCU's pay policies and practices violate the FLSA, Michigan state laws, and Arizona state laws.

## V.
## CAUSE OF ACTION

45. Paragraphs 1–44 are fully incorporated herein.

**A.  FLSA COVERAGE**

46. The FLSA Collective is defined as:

**ALL NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY PSCU, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 9, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

47. At all times hereinafter mentioned, PSCU has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. At all times hereinafter mentioned, PSCU has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, PSCU has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. PSCU employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

51. Specifically, Plaintiff and the Putative Class Members were employed to service PSCU's clients' accounts over the phone to customers and also to provide customer assistance services to those customers.

52. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-

exempt employees of PSCU who assisted customers living throughout the United States. 29 U.S.C. § 203(j).

54. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

55. In violating the FLSA, PSCU acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

56. The proposed collective of similarly situated employees, i.e. putative collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

57. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of PSCU.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

58. PSCU violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

59. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of PSCU's acts or omissions as described herein;

though PSCU is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

60. Moreover, PSCU knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

61. PSCU knew or should have known its pay practices were in violation of the FLSA.

62. PSCU is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

63. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted PSCU to pay them in accordance with the law.

64. The decision and practice by PSCU to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

65. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

66. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

67. Other similarly situated employees have been victimized by PSCU's patterns, practices, and policies, which are in willful violation of the FLSA.

68. The FLSA Collective is defined in Paragraph 46.

69. PSCU's failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

70. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

71. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

72. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

73. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

74. Absent a collective action, many members of the proposed FLSA

collective likely will not obtain redress of their injuries and PSCU will retain the proceeds of its rampant violations.

75. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

76. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 46 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

77. Plaintiff respectfully prays for judgment against PSCU as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 46 and requiring PSCU to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding PSCU liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who

have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      d.      For an Order awarding the costs and expenses of this action;

      e.      For an Order awarding attorneys' fees;

      f.      For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

      g.      For an Order awarding Plaintiff Brown a service award as permitted by law;

      h.      For an Order compelling the accounting of the books and records of PSCU, at PSCU's own expense;

      i.      For an Order providing for injunctive relief prohibiting PSCU from engaging in future violations of the FLSA, and requiring PSCU to comply with such laws going forward; and

      j.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 10, 2020                    Respectfully submitted,

                              **ANDERSON ALEXANDER, PLLC**

                        By:    */s/ Clif Alexander*
                               **Clif Alexander**
                               (*pro hac vice application forthcoming*)
                               Texas Bar No. 24064805
                               clif@a2xlaw.com

**Austin W. Anderson**
(*pro hac vice application forthcoming*)
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys for Plaintiff and the Putative Class Members**