## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CONNIE BROWN,

               Plaintiff,               CASE NO. 20-11510
                                         HON. DENISE PAGE HOOD

v.

PSCU, INC.,

               Defendant.

_____/

## <u>ORDER DENYING DEFENDANT'S MOTION TO TRANSFER [#5] and ORDER DENYING DEFENDANT'S MOTION TO STAY [#7]</u>

### I.    BACKGROUND

Before the Court is Defendant PSCU, Inc.'s ("PSCU" or "Defendant") Motion to Transfer Venue to the Middle District of Florida ("MDFL"), [ECF No. 5] and Defendant's Motion to Stay Proceedings [ECF No. 7] pending the outcome of Defendant's Motion to Transfer.

PSCU is a Florida Corporation with its headquarters in St. Petersburg, Florida. [ECF No. 5, Pg.ID 43] PSCU provides several different services to credit unions nationwide, including customer service support. [*Id.*] PSCU operates call-centers at its headquarters, and in its offices in Michigan and Arizona. [ECF No. 5, Pg.ID 43] PSCU's human resources, payroll, and IT staff, who are responsible for

1

employee compensation policies, are located at PSCU's headquarters in Florida. [*Id.*]

Plaintiff Connie Brown ("Brown") was previously employed as a call-center representative in PSCU's office in Allen Park, Michigan. [ECF No. 1, Pg.ID 4] On June 10, 2020, Brown filed a Complaint, on behalf of herself and "all current and former non-exempt call-center employees," against PSCU. [ECF No. 1] Brown filed her Complaint under the Fair Labor Standards Act ("FLSA") to recover unpaid wages and benefits she claims she is owed from June 9, 2017 through the final resolution of this lawsuit. [*Id.*]

The Complaint alleges that Brown's employer, PSCU, enforced a company-wide policy that improperly required its non-exempt call-center employees to perform work off-the-clock, which they were not compensated for. [ECF No. 1, Pg.ID 2] Brown claims that such a policy was illegal and that it negatively affected employees' regular pay rate as it related to calculating weekly overtime wages. [*Id.*]

On July 2, 2020, PSCU filed a Motion for a More Definite Statement. [ECF No. 6] In response, Brown filed an Amended Complaint on July 21, 2020. [ECF No. 9] Brown's Amended Complaint narrowed her issues and only brought claims on behalf of herself, and those similarly situated employees at PSCU's call-center

in Allen Park, Michigan. In addition to violating the FLSA, Brown alleges PSCU's

policies violated analogous Michigan state laws. [ECF No. 9, Pg.ID 229]

On July 2, 2020, PSCU filed the instant Motion to Transfer the case to the

MDFL. [ECF No. 5] On July 23, 2020, Brown filed her Response. [ECF No. 11]

PSCU filed a Reply on July 30, 2020. [ECF No. 16] On July 2, 2020, PSCU also

filed a Motion to Stay Proceedings. [ECF No. 7] Brown submitted her Response

[ECF No. 13] on July 23, 2020, and PSCU filed a Reply on July 30, 2020. [ECF

No. 17] On October 1, 2020, the Court granted Defendant's Ex Parte Motion for

Leave to File Supplemental Documents in Support of the instant Motion. [ECF No.

24]

## II.   LEGAL ANALYSIS
### A. Defendant's Motion to Change Venue
### 1.  28 U.S.C. § 1404

PSCU brings its Motion under 28 U.S.C § 1404(a). That section provides:

> "For the convenience of the parties and witnesses, in the interest of justice,
> a district court may transfer any civil action to any other district or division
> where it might have been brought[.]"

28 U.S.C § 1404(a).

The determination of whether a case should be transferred involves a

balancing of the following factors: (1) convenience of the parties; (2) convenience

of the witnesses; (3) ease of access to sources of proof; (4) availability of process

to compel attendance of witnesses; (5) costs of obtaining witnesses; (6) expense and expeditiousness of trying matter; and (7) interests of justice. *Verve, L.L.C. v. Becton Dickinson & Co*., No. 01-CV-74134-DT, 2002 U.S. Dist. LEXIS 6483, 2002 WL 551031, at *1 (E.D. Mich. March 29, 2002). (citing *Kepler v. ITT Sheraton Corp*., 860 F. Supp. 393 (E.D. Mich. 1994)).

The burden of proving that a venue transfer is warranted is on the moving party, and the burden is substantial. *Smith v. Kyphon, Inc.,* 578 F.Supp.2d 954, 958 (M.D.Tenn.2008). District courts have broad discretion over whether to grant a motion to transfer a case. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir.2009). District courts should consider the public interests, including "systemic integrity and fairness," as well as the private interests of the parties, such as "convenience and the convenience of potential witnesses." *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

## 2. Viability of the Middle District of Florida

PSCU indicates that the MDFL is an appropriate venue because the action could have been brought there originally. PSCU notes that the MDFL is proper because PSCU is a resident of the MDFL and that Court has personal jurisdiction over it.

### 3.   Convenience of the Parties

PSCU asserts that the MDFL is a more appropriate venue because it is more convenient for the parties and witnesses and furthers the interests of justice. A plaintiff's choice of forum is usually entitled to substantial weight. *Picker*, 35 F.Supp.2d at 573. However, PSCU argues that Brown's choice of forum should be afforded less weight because this is a putative class action.

Citing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, PSCU asserts that the Supreme Court has determined that a plaintiff's choice of forum in a putative class action "is considerably weakened." 330 U.S. 518, 524 (1947). To support this point, PSCU indicates that courts in the Sixth Circuit have repeatedly found the transfer of FLSA collective actions appropriate—even when a plaintiff has filed in her home forum.[1] *See, e.g.*, *Esperson v. Trugreen Ltd. P'ship*, No. 2:10-CV-02130, 2010 U.S. Dist. LEXIS 114500 (W.D. Tenn. Oct. 5, 2010) *report and recommendation adopted*, No. 2:10-CV-02130, 2010 U.S. Dist. LEXIS 114537 (W.D. Tenn. Oct. 27, 2010).

PSCU notes that the number of putative plaintiffs is in the hundreds and that they reside in at least the three states of Arizona, Florida, and Michigan. [ECF No.

---

[1] *See also Dantes v. Indecomm Holdings, Inc.*, 2014 U.S. Dist. LEXIS 115348, at *5-6 (W.D. Tenn. Aug. 11, 2014); *Jewell v. Aaron's, Inc.*, No. 1:11-CV-02314-DCN, 2012 U.S. Dist. LEXIS 22315, at *9-10 (N.D. Ohio Feb. 21, 2012); *McLaughlin v. G2 Eng'g & Mgmt., Inc.*, No. 15- 2547-STA-DKV, 2015 U.S. Dist. LEXIS 152245, at *4, 7-9 (W.D. Tenn. Nov. 10, 2015); *Vanportfliet v. Carpet Direct Corp.*, No. 1:14-CV-396, 2016 U.S. Dist. LEXIS 32777, at *12-13 (W.D. Mich. Mar. 15, 2016).

5, Pg.ID 49] Guided by that fact, PSCU asserts that Brown's choice of this district should be given little deference. *See Jewell*, 2012 U.S. Dist. LEXIS 22315, at *10-11 (allowing defendant's motion to transfer out of the plaintiff's home district and opining that the outcome "may have come out the other way" had the plaintiff's FLSA collective action been a single-plaintiff suit).

In response, Brown points to her Amended Complaint, which she indicates narrowed her claims. [ECF No. 9] Brown, a Michigan resident, now brings her claims against PSCU, another Michigan resident (PSCU, which has an office in Michigan), on behalf of "herself and other similarly situated persons *employed in Michigan* by PSCU." [ECF No. 11, Pg.ID 247-48] (emphasis added).

### 4. Convenience of the Witnesses

PSCU argues that transfer is appropriate because of the convenience of witnesses and the attendant costs associated with litigating in this district. *See Fluidtech, Inc. v. Gemu Valves, Inc.*, 457 F. Supp. 2d 762, 767 (E.D. Mich. Aug. 23, 2006) (Cleland, J.) (quotation omitted); *see also McCuiston v. Hoffa*, 313 F. Supp. 2d 710, 719 (E.D. Mich. April 14, 2004) (Feikens, J.) (same) (quoting 17 Moore's Federal Practice, § 111.13[1][f][i]).

The party seeking to transfer the case should specify the key witnesses to be called and the nature of their testimony. *Verve, L.L.C.*, 2002 U.S. Dist. LEXIS 6483, 2002 WL 551031, at *2. (citing *SEC v. Savoy Indus.*, 190 U.S. App. D.C.

252, 587 F.2d 1149 (D.C.C. 1979)). Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a). *Thomas*, 131 F. Supp. 2d at 937 (citing *Hunt v. TACA Int'l Airlines, S.A.*, No. 93-3723, 1994 U.S. Dist. LEXIS 8464, 1994 WL 285023, at *2 (E.D. La. June 22, 1994)). In weighing the convenience of the witnesses, more important than the raw numbers of witnesses living in a particular jurisdiction, is the residence of the key witness or witnesses. *Id.* (citing *SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 113 F.Supp.2d 1101, 1105 (S.D. Tex. 2000)). The parties should provide each witness's name and an outline of what material testimony that witness would provide. *Id.* (citing *Firkus v. Soo Line R.R. Co.*, No. 96 C 3714, 1996 U.S. Dist. LEXIS 14494, 1996 WL 568803, at *3 (N.D. Ill. Oct. 2, 1996)). Only when the Court is armed with such information can it properly assess the convenience of the witnesses.

Relative to the convenience of the parties and witnesses, it is clear that PSCU would find it more convenient to litigate this matter in Florida. PSCU's headquarters is located in Florida and PSCU asserts its many potential witnesses and employees are located in Florida. PSCU relies on the Declaration of Kevin Kapsar, Manager of the Employee Relations Department, for this information. In his Declaration, Mr. Kapsar does indicate there are many potential witnesses. But

other than himself, Mr. Kapsar only mentions four[2] other witnesses by name or position with the company.

Similarly, Brown and the putative plaintiffs would find it most convenient to litigate near their place of residence in Michigan. Brown asserts that while PSCU has Michigan contacts, Plaintiffs have no Florida contacts. Brown also notes that PSCU is a national company doing business all over the country and litigating in Florida would be more burdensome to Plaintiffs than to PSCU.

PSCU also argues that "it is the convenience of non-party witnesses, rather than employee witnesses . . . that is the more important factor and is accorded greater weight." *Steelcase Inc. v. Smart Techs.*, 336 F. Supp. 2d 714, 720-721 (W.D. Mich. Mar. 5, 2004); *see also Smith v. Hyphon, Inc.*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. Sept. 22, 2008). Although PSCU mentions one former employee, who is a nonparty witness, PSCU does not name this individual or what specific knowledge they would testify about.

PSCU argues that Brown and the other plaintiffs have identified no necessary witnesses in Michigan that would testify. PSCU notes that Brown references herself, other plaintiff-employees, and PSCU supervisors in Michigan

---

[2] The names of four other key witnesses who all reside in the MDFL are Michele Slaughter, Randy Kahlich, Gregory Graham, and Marvin York. [ECF No. 5, Pg.ID 51] All of the named witnesses provided by PSCU work for PSCU and play a role in human resources, payroll, or IT maintenance. [*Id.*]

who will testify. However, PSCU states that Brown has failed to indicate what information they possess or why their testimonies are necessary.

The factor of convenience to parties and witnesses does not weigh heavily in favor of PSCU. The Defendant having identified only a handful of specific witnesses that would be inconvenienced and Defendant itself being only slightly inconvenienced. Transfer of venue is not appropriate if it merely transfers inconvenience from one party to the other. *International Union, U.A.W. v. Aluminum Co. of Am.,* 875 F.Supp. 430, 433 (N.D.Ohio 1995).

### 5. Ease of Access to Sources of Proof

Considering the location of relevant documents and the relative ease of access to sources of proof, the Court notes that modern technology has made the discovery and sharing of documents easier and more efficient. No longer is location a major factor in document discovery and sharing. *General Motors Co. v. DiNatale,* 705 F. Supp. 2d 740,749 (E.D.Mich.2010); *see also Cincinnati Ins. Co. v. O'Leary Paint Co.*, 676 F. Supp. 2d 623, 635 (W.D. Mich. Dec. 16, 2009) (reducing the weight and relevancy of this factor given "the technological age in which we live"). Defendant has failed to indicate anything other than documents and a few witnesses that would cause the transfer to Florida to be more convenient. This factor does not weigh heavily in favor of transfer.

### 6.   Expeditiousness of Trying Matter

PSCU asserts that the MDFL is a better venue because it can better handle the matter expeditiously. Although the Eastern District of Michigan has a "lighter" caseload, PSCU argues that the MDFL's greater number of judges and magistrate judges will allow the case to move more efficiently.[3] Citing *Performance Contracting, Inc. v. DynaSteel Corp.*, PSCU explains that courts have found that venue transfer may be appropriate, despite the fact that the proposed district may have a higher caseload. No. 12-10165, 2012 U.S. Dist. LEXIS 64991 (E.D. Mich. May 9, 2012) (Ludington, J.) ("[A]lthough the Eastern District of Michigan has a heavier case load, it also has twenty judges as opposed to the five judges located in the Western District of Tennessee."). The Court finds that this argument does not support this factor weighing in favor of PSCU.

### 7.   Interests of Justice

PSCU contends that transfer is appropriate because the "locus of operative facts" occurred in the MDFL and Brown will not be prejudiced because the choice of law will remain the same.

---

[3] PSCU compares the Eastern District of Michigan's 22 district judges and 6 magistrate judges with the MDFL's 30 district judges and 22 magistrate judges. *See* Table C—U.S. District Courts–Civil Federal Judicial Caseload Statistics (March 31, 2020) available at: https://www.uscourts.gov/statistics/table/c/federal-judicialcaseload-statistics/2020/03/31 (In the twelve-month time period concluding March 31, 2020, 3,879 civil cases were pending in the Eastern District of Michigan, and 6,508 were pending in the MDFL).

PSCU contends that Brown and the other plaintiffs would not be prejudiced by moving the suit to the MDFL. Under § 1404(a), the transferee forum must apply the law of the transferor court, regardless of which party sought the transfer. *Ferens v. John Deere Co.*, 494 U.S. 516 (1990).

PSCU also asserts that the MDFL is most appropriate because it is the venue with "the locus of the claims." *Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979). PSCU claims the MDFL is the locus because that is where its headquarters is and that is the location where the relevant polices were developed and promulgated. PSCU cites to *Dantes* to support this point.

In *Dantes*, the district court found that New Jersey was the "locus" of the plaintiff's FLSA claims because "a substantial part of the events giving rise to the [FLSA] claims occurred in New Jersey." *Dantes*, 2014 U.S. Dist. LEXIS 115348, at *7. Since the plaintiffs were spread out among several states, the court determined that New Jersey provided one common location for the claims, which made it "the superior location." *Id.*

In response, Brown agrees that the locus of operative facts is the most important factor in the venue decision but disagrees about where the locus is. Brown contends that the one common venue to all of her and the putative plaintiffs' claims is Michigan—the location where PSCU employed the plaintiffs

and allegedly failed to properly pay them. Since Brown has amended her Complaint and narrowed her claims, the Court agrees.

Here, apart from five plaintiffs from Arizona, the named plaintiff and putative plaintiffs are located in Michigan.  And the key events that led to Brown's action—the alleged FLSA violations— occurred in Michigan.

PSCU counters that the Amended Complaint establishes that the suit should be transferred. PSCU contends that Brown's Amended Complaint represents a "disingenuous tactic" because there are already five individuals from Arizona who have opted into the litigation. PSCU claims that Brown's tactics represent "blatant gamesmanship" that courts widely admonish. *See Davis v. PSCU*, 2016 U.S. Dist. LEXIS 93403 (E.D. Mich. Jul. 19, 2016); *see also Jones v. PSCU*, No. 16-11387 (E.D. Mich. Nov. 8, 2016).

PSCU asserts that if the five Arizonans remain in the suit it should be transferred in the interests of justice. Alternatively, if the Arizonans leave the suit, transfer should still occur because they will likely commence an identical suit in another forum.[4] Such an action would potentially lead to duplicative litigation and carries the risk of inconsistent results. To further support its point, PSCU argues that transfer is appropriate "to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and

---

[4] A similar suit has been filed in the District of Arizona.

expense." *Grand Kensington, LLC v. Burger King Corp.*, 81 F.Supp.2d 834, 836 (E.D. Mich. 2000). Citing *Reese*, PSCU asserts that it is best to apply one forum's law to the entire case, rather than Sixth Circuit law in one, and Ninth Circuit law in another. 574 F.3d at 320.

PSCU further cites its concerns about the Arizona plaintiffs' ability to invoke the "first-to file" rule. Under such a rule, an Arizonan court could transfer venue when two cases involve the same issues and are simultaneously pending in separate districts. *Trek, Inc. v. ITR America, LLC*, 2017 WL 818864, *2 (E.D. Mich. Mar. 2, 2017) (internal citations omitted)

The Court finds PSCU's concerns about duplicative litigation valid, but merely speculative. The Court should balance Brown's original choice of forum against PSCU's current concerns, not distant ones that have not yet formulated. Brown narrowed her claims in response to PSCU's Motion for a More Definite Statement and there is no evidence of gamesmanship.

## 8.  Other Considerations

Overall, Brown argues that PSCU has been unable to meet its burden of establishing that fairness and practicality strongly favor transferring this case to the MDFL. *Means v. U.S. Conference of Catholic Bishops*, No. 13-CV-14916, 2015 WL 13035285, at *3 (E.D. Mich. Mar. 31, 2015) (D. Hood, J.). The Court is persuaded by Brown's arguments. The public has an interest in having local

controversies adjudicated locally, and the relative familiarity of the two courts with the applicable law does not favor transfer. Finally, returning to the consideration of Brown's original choice of venue, none of the other factors weighs heavily against venue in this district. PSCU's request for change of venue under 28 U.S.C. § 1404(a) is **DENIED.**

## B.  Request for a Stay

PSCU requests a stay of all proceedings in the instant FLSA matter until the Court rules on the pending Motion to Transfer Venues. [ECF No. 5]

"Courts have inherent power to manage their dockets and stay proceedings[.]" *Signal IP, Inc. v. Fiat U.S.A., Inc.*, 2015 U.S. Dist. LEXIS 132321, at *5 (E.D.Mich. Sept. 30, 2015) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-1427 (Fed. Cir. 1988). "The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary." *Ellis v. Merck & Co., Inc.*, 2006 U.S. Dist. LEXIS 9639 (W.D.Tenn. Feb. 19, 2006). Courts are responsible for "control[ling] the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F.3d 779, 786 (6th Cir. 2010) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)) (internal quotation marks omitted).

When analyzing a Motion to Stay, courts must consider three factors: "(1) whether a stay will simplify the issues in the case or conserve judicial resources;

(2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set." *Dura Global Techs., LLC v. Magna Int'l Inc.*, 2011 U.S. Dist. LEXIS 122679, at *15 (E.D. Mich. Oct. 24, 2011).

      PSCU argues that a stay would conserve judicial resources and that a stay would not unduly prejudice Brown. PSCU indicates that the opt-in plaintiffs' statutes of limitations under the FLSA were tolled when they filed their consents to join the instant action. *See, e.g., Fenley v. Wood Group Mustang, Inc.*, 170 F. Supp. 3d 1063, 1077 (S.D. Ohio. Mar. 17, 2016) (rejecting plaintiff's motion for equitable tolling for all putative plaintiffs in a collective action because "potential plaintiffs still have not opted into the lawsuit and they [were] not properly before the court"); *see also* 29 U.S.C. § 256. PSCU also contends that since Brown does not "represent" any putative plaintiffs, the Court should only consider the potential prejudice to the named plaintiff in the instant matter. *See Atkinson v. TeleTech Holdings, Inc.*, 2015 U.S. Dist. LEXIS 23630, at *20 (S.D. Ohio Feb. 26, 2015) ("In contrast to a class action lawsuit brought under Federal Rule of Civil Procedure 23, the named plaintiffs in an FLSA collective action do not represent anyone other than themselves."); *see also Mathews v. ALC Partner, Inc.*, 2009 U.S. Dist. LEXIS 75097, at * 22 (E.D. Mich. Aug. 24, 2009) (Murphy, J.) (finding that equitable tolling is not "suitable for preemptive, one-size-fits-all application to a

group of as-yet unidentified potential plaintiffs"). Potential prejudice to
unidentified putative plaintiffs is prevented because "they may apprise the Court of
their circumstances and individually move for equitable tolling" if and when their
claims may become time-barred. *Id.*; *see also Knispel v. Chrysler Group LLC*,
2012 U.S. Dist. LEXIS 21188, at *18 (E.D. Mich. Feb. 21, 2012) (Cox, J.)
(explaining that "[i]f and when potential plaintiffs whose claims would otherwise
be time barred choose to opt into the class, they may apprise the Court of their
circumstances and individually move for equitable tolling.") (quoting *Mathews*,
2009 U.S. Dist. LEXIS 75097, at * 22); *see also Jesiek v. Fire Pros, Inc.*, 2011
U.S. Dist. LEXIS 64181, at *4-5 (W.D. Mich. June 16, 2011) (Scoville, J.) (same).

PSCU also contends that unnamed plaintiffs are not prejudiced by a stay
because proceeding in a collective action is not a "prerequisite" for interested
parties who wish to pursue FLSA claims. *See Atkinson*, 2015 U.S. Dist. LEXIS
23630, at *25. PSCU notes that putative plaintiffs have the option of filing their
own FLSA lawsuit, "regardless of whether the potential opt-in plaintiffs have
notice of the collective action." *Id.*; *see* 29 U.S.C. §216(b) ("No employee shall be
a party plaintiff to any such action unless he gives his consent in writing to become
such a party and such consent is filed in the court in which such action is
brought."); *see also Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010)
(explaining that "nothing in the text of the [FLSA] prevents plaintiffs from opting

16

in to the action by filing consents with the district court, even when the

notice…has not been sent, so long as such plaintiffs are "similarly situated" to the

named individual plaintiff who brought the action."). While Brown does not

dispute PSCU's points, Brown contends that the issue is not equitable tolling,

rather it is "whether PSCU has shown that the balance of interests supports a stay

of proceedings." [ECF No. 13, Pg.ID 277]

Brown argues that granting a stay would unnecessarily delay the case, which

would prejudice her and the putative class members before the Court. Brown notes

that the benefits of FLSA collective actions depend upon "employees receiving

accurate and timely notice concerning the pendency of the collective action, so that

they can make informed decisions about whether to participate." *Hoffmann-La

Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (analyzing and interpreting 29

U.S.C. § 216(b)). Brown asserts that once a FLSA suit is filed, "the court has a

managerial responsibility to oversee the joinder of additional parties to assure that

the task is accomplished in an efficient and proper way." *Id.* at 170-71. Although

absent putative plaintiffs may not be prejudiced, Brown contends that she would be

because she seeks to invoke the collective action mechanism for her own benefit to

pool resources and reduce her individual costs.

PSCU further argues that a stay is warranted because discovery has not yet

commenced. Nor has a trial date been set yet. *See Cequent Performance Products,*

*Inc. v. Hopkins Mfg. Corp.*, 2015 U.S. Dist. LEXIS 42496, at *4 (E.D. Mich. Apr. 1, 2015). PSCU also asserts that granting a stay would save both parties time and money. *See Signal IP, Inc.*, 2015 U.S. Dist. LEXIS 132321, at *12 ("[G]ranting a stay early in the case conserves judicial resources and saves the parties time and money….").

Citing *Landis v. North American Company*, Brown asserts that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." 299 U.S. 248, 255 (1936). Brown argues that PSCU has not established the need for a stay. The Court is persuaded by Brown's reasoning.

Here, PSCU indicates no specific hardship or inequity that would result from proceeding with the case. Although PSCU cites its pending Motion to Transfer as a reason to stay, PSCU's brief indicates no fatal obstruction to Brown or the putative class members' claims such as a lack of jurisdiction, existence of superseding arbitration agreements, or a lack of substantive legal claims. Accordingly, the Court **DENIES** PSCU's Motion for a Stay.

### III.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Defendant PSCU's Motion to Transfer [ECF No. 5] is **DENIED**.

IT IS FURTHER ORDERED that Defendant PSCU's Motion to Stay [ECF No. 7] is **DENIED**.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: December 4, 2020