UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE BROWN,

      Plaintiff,                          CASE NO. 20-11510

v.                                       HON. DENISE PAGE HOOD

PSCU, INC.,

      Defendant.
_____/

## ORDER GRANTING THE MOTION TO CERTIFY CLASS [#30]

**I.    BACKGROUND**

**A. Procedural Background**

On December 5, 2020, Plaintiff Connie Brown ("Brown") moved for Conditional Class Certification, pre-discovery, in her complaint against Defendant PSCU, INC ("PSCU"). (ECF No. 30, PageID.446). In the original complaint, Brown alleged PSCU violated Sections 7 and 15 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals longer than forty hours without compensating and at rates at least one and one-half times the regular rates. (ECF No. 1). On December 28, 2020, PSCU filed a Response, in it, it agreed to class certification, disagreed with the Plaintiff's notice and dissemination method, requested to include a discovery questionnaire, and sought sanctions because Brown violated Local Rule 7.1(a) by failing to confer before moving for

1

Conditional Class Certification. (ECF No. 32, PageID.516).

### B. Factual Background

Brown and the Putative Class Members are all hourly, non-exempt individuals who worked for the call center Defendant PSCU, Inc. ("PSCU") in the state of Michigan for the past three years. (ECF No. 30, PageID.452). PSCU required its employees to arrive to work early to start up and log-into their computer systems before their scheduled shift start times. (ECF No. 30, PageID.453). The time it took for employees to log-into the network and load up the software was neither counted as time worked nor compensated. (*Id.*) PSCU applies this policy uniformly and consistently to all its hourly call-center employees in Michigan. (*Id.*) PSCU required Brown and the Putative Class Members to perform tasks before their scheduled shift, they are not permitted to clock-in until the exact moment they are ready for calls. (ECF No. 30, PageID.455). Employees' payable time starts only at their designated shift start time, despite having to prepare their computers for the day's work. (*Id.*)

## II. ANALYSIS

### A. Conditional Class Certification

The Parties are no longer in dispute as to Conditional Class Certification and do not need this Court to make findings. [ECF No. 30, 32]. Pursuant to 29 U.S.C. §216(b), this Court ORDERS that a class is conditionally certified as follows: All

hourly call-center employees who have been employed by PSCU, Inc., anywhere in the State of Michigan, at any time from June 10, 2017, through the final disposition of this matter. The "Putative Class Members," are those that the Defendant did not properly compensate for all overtime hours worked by requiring them to perform certain job duties "off the clock," that is, on their own personal time and for no pay.

Remaining in dispute include the class notice and methods of dissemination, the inclusion of the Defendant's Discovery Questionnaire, the Defendant's request for sanctions, and the Plaintiff's request for tolling.

### B. The Plaintiff's Proposed Notice and Consent Form

Courts interpreting the FLSA must consider Congress' remedial purpose. *Lilley v. BTM Corp.*, 958 F.2d 746, 750 (6th Cir. 1992). Congress passed the FLSA with broad remedial intent. *Powell v. U.S. Cartridge Co.*, 339 U.S. 497, 509–11 (1950) ("[T]he primary purpose of Congress ... was to eliminate, as rapidly as practicable, substandard labor conditions throughout the nation."). Notice to putative plaintiffs must be "timely, accurate, and informative." *Hoffmann-La Roche Inc. v. Sperling*, U.S. 165, 172 (1989). A district court therefore may exercise discretion in authorizing notice which informs putative plaintiffs of their right to opt-in to the litigation. *Id.* The FLSA aims to correct labor conditions detrimental to the maintenance of the minimum standards of living. *Donovan v.*

*Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984). Other courts have found that the FLSA does not require any particular method or form of notice to putative plaintiffs in collective actions. *Brittmon v. Upreach*, LLC, 285 F.Supp.3d 1033, 1044 (S.D. Ohio 2018).

Brown argues that the only way to ensure the remedial purpose of the FLSA in this action is to mail, e-mail, and text message its notice and consent form to current and former PSCU employees (Putative Class Members). (ECF No. 30-9, PageID.512). Brown argues it is necessary to do this twice within 30 days to ensure Putative Class Members receive the notice and have enough time to respond to the notice. Brown argues that text message is the form most likely to reach the Putative Class Members because of the technology it utilizes to capture consent.

PSCU argues that Brown's intention to use three methods of contact for notice and consent within 30 days is akin to a solicitation. PSCU argues that mailing and emailing are generally accepted (and proven) methods of notification and reduces the burden of PSCU locating Putative Class Members' information. PSCU further argues that text message notification is not prevalent and borderline harassment.

At this stage, utilizing three methods for notice and consent, to current and former employees, within thirty days is not warranted. Courts have found that the transmission of notice by text message could well be viewed by the recipients as

harassing in nature, and that a significant number of recipients are likely to disregard this notice as "spam." *Anderson v. Minacs Group (USA) Inc.*, 2017 WL 1856276, at *9 (E.D. Mich. 2017). However, text messages may be appropriate as a reminder to former employees who have already received notice via mail or email.

Here, PSCU should send its notice and consent form by mail and email to all current and former employees, and follow-up by text message only to the remaining former employees who have not responded to the mail nor email communications. PSCU admittedly has mailing addresses for its current employees, working email addresses for its former employees, and a last known number for texting. This means of notice and dissemination ensures that Putative Class Members receive notice that is "timely, accurate, and informative". *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. at 172.

### C. The Defendant's Proposed Discovery Packet

FLSA demonstrates that nothing beyond the filing of a consent is required for a party to become a plaintiff. *Smith v. Guidant Glob. Inc.*, No. 19-CV-12318, 2020 WL 6793330, at *3 (E.D. Mich. 2020). Courts in this District have generally limited tactics of anything more than a filing. *Lee v. GAB Telecom, Inc.*, No. 12-CV-14104, 2013 WL 4041875 at *2 (E.D. Mich. 2013). Many courts in the Sixth Circuit do not permit Defendants to conduct discovery for every opt-in plaintiff,

5

even after they have filed their consent forms. *Westley v. CCK Pizza Co., LLC*, No. 18-13627, 2019 WL 3801624, at *3 (E.D. Mich. 2019) (recognizing that representative discovery is used in many collective FLSA actions).

Along with the notice and consent forms, PSCU proposes to send a twelve-page Discovery Questionnaire to Putative Class Members. PSCU argues its Discovery Questionnaire is necessary because any plaintiff that joins that action must be willing to participate in discovery anyway and its questionnaire will determine a Putative Class Member's seriousness. PSCU argues that its Discovery Questionnaire permits it to discover facts (under oath) about those who join the action.

Brown argues that PSCU's Discovery Questionnaire is inappropriate at this stage of conditional certification and will create a chilling effect for Putative Class Members. Brown argues that the twelve additional pages increases the overall mailing cost of notice and dissemination. Brown argues that the Discovery Questionnaire is overly complicated to the layperson and Putative Class Members would need counsel to interpret its meaning properly.

PSCU cites to *Fast* where the court found information requested by the corporation defendant impossible for the average hourly employee to answer and much of the information requested was already available in the defendant's own records. *Fast v. Applebee's Intern., Inc.*, 2008 WL 5432288, at *2 (W.D. Mo.

2008). Here, PSCU is requesting information from current and former employees, that includes basic HR information it admitted it already has on file. Across a number of forms PSCU is seeking full social security numbers, answers to multiple interrogatories, wet signatures, and approximate times of computers crashes and employee logins (ECF No. 32-1, PageID.542). PSCU is seeking this information from Putative Class Members before they opt-in and likely before being formally represented or advised by counsel. Lastly, PSCU admitted to already having much of the information, such as employees start time and end times. The only reason it provided for seeking the information was to have employees confirm the information.

    PSCU has not demonstrated the necessity for its Discovery Questionnaire to be included along with notice and consent forms. The Court will not allow such to be included with the notice.

### C. The Defendant's request for relief for Plaintiff's Failure to Comply with Local rule 7.1(a)

Michigan's Local Rule 7.1(a) was "designed to streamline litigation, reduce unnecessary costs, and narrow issues." *Rumburg v. McHugh*, Case No. 10-CV-11670-DT, 2010 WL 3025024, at *1 (E.D. Mich. 2010). Brown admits to not knowing about the local rule, which requires conferral on every motion in this District. Here, had Brown contacted PSCU before filing its motion for Conditional

Class Certification, the Parties could have narrowed the issues in dispute. This surely would have streamlined the litigation. The Parties also would have jointly participated in preparing the proposed Order addressing conditional certification and the Notice and Consent form, which would have saved Brown and PSCU from drafting their respective proposals. However, the Parties did manage to resolve some of the issues after the filing of the motion. PSCU's requested relief for sanctions is denied at this time, preserving its right to renew this motion if the practice continues.

### D. Plaintiff's Request for Equitable Tolling

Generally, "most District Judges in this circuit have concluded that it is improper to equitably toll the claims of potential opt-in plaintiffs who are not yet before the court." *Hicks v. Great Lakes Home Health Services, Inc.*, 2018 WL 4358918, at *7 (E.D. Mich. 2018) (citation omitted)

At the Motion hearing, Brown requested for this Court to toll until the Court issues an Order for Putative Class Members. Brown argues that some Putative Class Members will ultimately be time-barred otherwise. PSCU did not have an issue with tolling and objected on the grounds that it had no opportunity to research the issue because Brown raised it at the Motion hearing.

Generally, a party cannot raise new arguments in a reply brief, nor at the hearing, which was not raised in its original motion, because the opposing party

8

has no opportunity to properly argue the new issue. However, to the extent the Court approves the notice and dissemination methods, the Court shall use the date of the filing date of this Order for tolling. PSCU's objection is preserved for the record.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that the Motion to Certify Class, now agreed- to by the Parties (ECF No. 30) is **GRANTED**. However, the Discovery Questionnaire will not be included in the Notice. Defendant's request for sanctions raised in its response is denied without prejudice.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: December 8, 2022